# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00172-CV

**Malcolm J. Fox and Rebecca K. Fox, Appellants**

**v.**

**City of Austin and Easter Seals Central Texas, Inc., Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-05-00372, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Malcolm and Rebecca Fox appeal *pro se* the trial court's order granting a plea to the jurisdiction of appellee City of Austin. By their appeal, the Foxes contend that the trial court erroneously granted the City's plea. Finding no error, we affirm the trial court's order granting the City's plea to the jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to its authority to enforce certain city code and state law provisions related to public health and sanitation, the City's solid waste services personnel undertook to have solid waste materials on the Foxes' property collected, removed, and disposed of. Specifically, in September 2003, the City and its co-defendant, Easter Seals Central Texas, Inc., removed a number of items the City considered to be waste from the Foxes' yard and disposed of them in a landfill. These items included buckets of aggregate, styrofoam insulation, vinyl siding, sheet metal, a wire

trellis, an automobile hood, rolls and panels of welded wire and chain-link fencing, metal roofing, a table, a stainless steel table top, trash cans, buckets, wash tubs, concrete blocks, wooden pallets, plastic piping, and a wheelbarrow. The Foxes contacted City employees and Easter Seals to obtain information about the removal of these items.

In September 2005, the Foxes filed suit against the City and Easter Seals, alleging generally that they were negligent and that the defendants' negligence was the proximate cause of the Foxes' hardship, loss of valuable property and income, and costly delays in construction, repairs, and agricultural activities. The Foxes alleged that the defendants had waived their sovereign immunity under the Texas Tort Claims Act, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2006), and that the defendants "were acting within the course and scope of their employment or official duties and in furtherance of their duties of employment."

The City filed an original answer and a plea to the jurisdiction. Easter Seals filed an original answer. In its response, the City raised the affirmative defense of governmental immunity and included a plea to the jurisdiction based on immunity from suit. In a hearing on the City's plea to the jurisdiction, the trial court heard argument and admitted into evidence an affidavit from Kit Campbell, the City's Environmental Program Coordinator of Code Compliance for the Solid Waste Services Department. Campbell's affidavit stated that the City's actions "were taken as part of the Solid Waste Services' efforts to achieve compliance with municipal codes, and were taken pursuant to the authority provided by state law, specifically Chapter 342 of the Texas Health and Safety Code." Campbell averred that the City acted to enforce provisions regulating public health and sanitation and that, in furtherance of its efforts to enforce these

provisions, the City undertook to have solid waste materials removed from the Foxes' property. The Foxes objected to the admission of the affidavit on the ground that it was hearsay. Also at the hearing, Malcolm Fox submitted an affidavit attaching his response to the request for disclosure from Easter Seals. Fox averred that the facts in the affidavit were within his personal knowledge and were true and correct. In Fox's affidavit, he referenced the original petition and otherwise averred that the City was withholding information he needed to answer the request; he did not refute the City's evidence.

The trial court granted the City's plea to the jurisdiction and, on the City's further motion, entered an order of severance.[1] All causes of action by the Foxes against the City were then assigned to the severed action, and the order on the plea to the jurisdiction was made final. The Foxes appeal the trial court's order granting the City's plea to the jurisdiction.

## ANALYSIS

### Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law we review *de novo*. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *County of*

---

[1] We note that the Foxes separately appealed the trial court's order of severance. *See Fox v. City of Austin*, No. 03-06-00224-CV (Tex. App.—Austin Dec. 1, 2006, no pet. h.).

3

*Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Id*. In the context of a lawsuit against a governmental unit, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Texas Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *County of Cameron*, 80 S.W.3d at 555.

### Governmental Immunity

Governmental immunity protects the political subdivisions of the state from being sued absent legislative consent. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995). A municipality is a political subdivision of the state. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (West 2005). Whether a municipality is afforded governmental immunity depends on whether the municipality is performing a governmental or proprietary function. *See City of San Antonio v. BSR Water Co.*, 190 S.W.3d 747, 752 (Tex. App.—San Antonio 2005, no pet.). The Texas Tort Claims Act provides a limited waiver of immunity for tort claims when a municipality performs governmental functions. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .0215 (West 2005); *see Texas Dep't of Parks &*

4

*Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004) (holding that a governmental entity is immune from suit for a tort unless the Tort Claims Act expressly waives immunity).

Texas law recognizes two categories of municipal functions. Section 101.0215 of the Tort Claims Act defines a municipality's governmental and proprietary functions. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215. Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." *Id*. § 101.0215(a). Proprietary functions are "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality." *Id*. § 101.0215(b); *see also City of Gladewater v. Pike*, 727 S.W.2d 514, 519 (Tex. 1987). Texas municipalities are only immune for their governmental functions; they have no immunity for any proprietary functions. *Texas River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied); *Williams v. City of Midland*, 932 S.W.2d 679, 682 (Tex. App.—El Paso 1996, no writ). When a municipality commits a tort while engaged in a proprietary function, it is liable to the same extent as a private entity or individual. *Dilley v. City of Houston*, 222 S.W.2d 992, 993 (Tex. 1949). When a municipality commits a tort while engaged in a governmental function, its liability is determined by the provisions of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a); *see Miranda*, 133 S.W.3d at 224.

A municipality, such as the City of Austin, retains immunity for those governmental functions defined by the legislature, except to the extent immunity is waived by the Tort Claims Act. *Williams*, 932 S.W.2d at 683; *see also City of El Paso v. Hernandez*, 16 S.W.3d 409, 414

(Tex. App.—El Paso 2000, pet. denied). The nonexclusive list of governmental functions in section 101.0215 includes health and sanitation services and garbage and solid waste removal, collection, and disposal. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(2), (6). Where a function is included in this nonexclusive list of governmental functions, it has been deemed governmental in nature by the legislature, and we have no discretion or authority to hold otherwise. *See id*. § 101.0215(c) ("The proprietary functions of a municipality do not include those governmental activities listed under Subsection (a)."); *Texas River Barges*, 21 S.W.3d at 357 ("Because the City's actions were encompassed within the governmental functions listed in the Act, we have no discretion to declare the actions proprietary, regardless of the City's motives."). By designating the activities of health and sanitation services and garbage and solid waste removal, collection, and disposal as governmental functions, the legislature has conferred immunity from suit unless a claim falls within a specific area of liability for which immunity is waived.[2]

The City argues that the Foxes do not allege a cause of action falling within the Act's waiver of sovereign immunity. We agree. Sovereign immunity is waived by the Tort Claims Act if the pleadings and factual allegations, taken as true, demonstrate that the City may be liable for the

---

[2] Section 101.0215 provides a nonexclusive list of governmental functions for which a municipality may be held liable under the Tort Claims Act generally. To hold a municipality liable under section 101.0215, liability must still arise out of one of the specific areas of waiver listed under section 101.021. The Tort Claims Act waives governmental immunity in claims involving the negligent use of motor-driven vehicles and motor-driven equipment or the use of real or personal property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005). The Texas Supreme Court has confirmed that the Act's limited waiver of sovereign immunity allows suits to be brought against governmental units "only in certain, narrowly defined circumstances." *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *see also City of Sugarland v. Ballard*, 174 S.W.3d 259, 264 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *City of Kemah v. Vela*, 149 S.W.3d 199, 203 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

Foxes' injury. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .0215; *Miranda*, 133 S.W.3d at 224. In this case, we find that the activity of removal of waste held in noncompliance with municipal codes is so well-aligned with the regulation of health and sanitation services and garbage and solid waste that the legislature has designated it as a governmental function. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006). As the City demonstrated in the only evidence offered at the hearing, the removal, collection, and disposal of garbage and solid waste was undertaken as part of the City's efforts to achieve compliance with code provisions regulating public health and sanitation. The Foxes did not dispute the nature of the activities undertaken by the City and did not offer testimony or other evidence in response. They argue that the City's acts went beyond the governmental function because items were removed that the Foxes did not consider to be solid waste, garbage, or a health, safety or sanitation hazard.

In enacting the Tort Claims Act, the legislature waived immunity for governmental units in a limited fashion, and the burden rests with a plaintiff to plead facts that demonstrate the waiver. *Miranda*, 133 S.W.3d at 224, 226. The Foxes do not allege that the City was not performing its governmental functions at all times relevant to the case, and they do not explain how the City allegedly waived its immunity. Nor do the Foxes respond to the City's evidence presented at the hearing showing that the items were removed in the course of the City's waste removal functions in compliance with municipal codes. Rather, in their briefs, the Foxes agree that City employees were acting within the course and scope of their official duties in the removal of the items, but dispute the City's characterization of the items as trash and allege that the items had an "immediate cash value."

7

Although the Foxes allege that the City and its co-defendant were negligent, they do not allege an act waiving municipal immunity under the Tort Claims Act. The tort liability of a municipality performing a governmental function is limited to certain statutorily specified circumstances and causes of action; to be liable, the plaintiffs must assert negligence as allowed by the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Miranda*, 133 S.W.2d at 224-25. Construing the pleadings in favor of the plaintiffs and assuming the allegations are true, we conclude that the petition does not allege a cause of action for which the City has waived immunity and there remains an incurable jurisdictional defect on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *See City of San Angelo v. Smith*, 69 S.W.3d 303, 305 (Tex. App.—Austin 2002, pet. denied); *see also Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Therefore, we hold that the trial court properly granted the City's plea to the jurisdiction.

The Foxes also contend that the trial court improperly overruled their objection to the admission of Kit Campbell's affidavit because it was hearsay and was untimely submitted. We review a trial court's decision on the admission of evidence under an abuse of discretion standard. *Yzaguirre v. KCS Res., Inc.*, 47 S.W.3d 532, 543 (Tex. App.—Dallas 2000), *aff'd*, 53 S.W.3d 368 (Tex. 2001). To obtain reversal of a judgment based on the admission of evidence, an appellant must show the trial court's ruling was in error and the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). In his affidavit, Campbell averred to the City's efforts to gain the Foxes' compliance with City code provisions. The affidavit is based on Campbell's personal knowledge as the City's

8

Environmental Program Coordinator of Code Compliance for the Solid Waste Services Department. The Foxes did not submit evidence at the hearing or request a continuance and did not specify how they were harmed by the admission of Campbell's affidavit. On this record, we cannot say the trial court abused its discretion in admitting the affidavit. *See Bland*, 34 S.W.3d at 555; *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30-31 (Tex. 1997).

## CONCLUSION

Having overruled the Foxes' points of error, we affirm the trial court's order granting the plea to the jurisdiction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 1, 2006

9