CITY OF KEMAH, Appellant,

v.

Gabriel VELA, Appellee.

No. 14–03–01091–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2004.

William S. Helfand, Kevin D. Jewell, Norman Ray Giles, Houston, for appellant.

Carlos Garza, Houston, Otto D. Hewitt, III, Alvin, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellee Gabriel Vela was injured while sitting in a City of Kemah police officer's patrol car when a truck ran into another patrol car that was parked behind Vela, pushing it into the patrol car Vela was in. Vela sued the City of Kemah and the truck driver for negligence. Appellant, the City of Kemah, appeals the trial court's denial of its plea to the jurisdiction, contending Vela failed to establish a waiver of the City's sovereign immunity. We hold sovereign immunity was not waived in this case because the facts show that Vela's injuries were not caused by the "use" of the officer's patrol car. Rather, the car merely furnished the use that made Vela's injuries possible. As a result, we reverse the court's order denying the plea to the jurisdiction and render judgment dismissing Vela's suit for want of jurisdiction.

## FACTUAL BACKGROUND

One afternoon in August of 2001, City of Kemah police officer Douglas Ozburn was on duty in his patrol car when he saw Vela drive past him in a car with an expired motor vehicle registration sticker. Officer Ozburn pulled his patrol car behind Vela and activated his overhead emergency lights. Vela, intending to turn into a gas station on the left side of the highway, drove into a left turn lane of Highway 146. As Vela waited in traffic to turn, Officer Ozburn stopped his vehicle behind Vela's and approached him, requesting his driver's license and proof of insurance.

During the traffic stop, Officer Ozburn discovered Vela had an outstanding traffic warrant. He arrested Vela, put him in handcuffs, and placed him in the back seat of his patrol car. Another on-duty Kemah police officer, Michael Shafer, arrived and parked his patrol car behind Officer Oz-burn's. The emergency overhead lights of both patrol cars were lit.

Within minutes after Officer Ozburn placed Vela in his patrol car, a truck, operated by Harold Starnes, drove into the back of Shafer's patrol car. The collision pushed Officer Shafer's car into the back of Ozburn's car, in which Vela was seated. Vela was injured and was taken by ambulance to a hospital. At the time of the collision, neither officer was in the car.

In August of 2002, Vela sued the City and Starnes for negligence. Vela alleged that the City was liable for his injuries under section 101.021 of the Texas Tort Claims Act. See TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. The City answered and asserted governmental immunity. Several months later, the City filed a "Motion for Summary Judgment, or Alternative Plea to the Jurisdiction." In the motion, the City contended that Vela failed to invoke the trial court's subject matter jurisdiction over his claims. The City also presented evidence to dispute Vela's allegations. The City's motion was supported by (1) excerpts from Vela's deposition, (2) excerpts from Starnes' deposition, (3) the affidavit of Deputy C.B. Cook of the Galveston County Sheriff's Department, who investigated the accident, (4) the affidavit of Kathy Pierce, the City Secretary of the City of Kemah, and (5) the affidavit of Officer Shafer. On July 25, 2003, Vela amended his petition to add a claim that the trial court also had jurisdiction over his claims under section 101.0215(a)(1) of the Tort Claims Act, alleging the City was liable for damages arising from its governmental functions of police protection and control.

Also in July, the trial court held a hearing on several motions filed by Vela, including a second motion for continuance of the City's jurisdictional challenge, a motion to compel Officer Shafer's deposition, and

a motion for sanctions. At this hearing, the trial court directed the parties to work out an agreement to depose Shafer within forty-five days. The trial court also extended the docket control order's discovery deadline for an additional sixty days. On September 18, 2003, the trial court signed an order denying the City's plea to the jurisdiction. The order reflected that the parties appeared on September 8, 2003, for a pretrial conference and informed the court Shafer's deposition had not been obtained and, therefore, discovery was incomplete. This interlocutory appeal followed.

## ANALYSIS

In a single issue, the City contends the trial court erred in denying its plea to the jurisdiction because (1) Vela did not allege or establish facts demonstrating that he complied with the Tort Claims Act's notice provision or that the City received actual notice; (2) Vela did not allege or establish facts demonstrating that his injury was the result of a city employee's wrongful act, omission, or negligence, or that it resulted from the operation or use of a motor vehicle; and (3) the City is not liable to Vela because its police officers are entitled to official immunity. Because we find that Vela's injuries were not caused by the officers' operation or use of the patrol vehicles, we reverse and render judgment dismissing Vela's suit for want of jurisdiction.

### 1. Standard of Review

A unit of state government is immune from suit unless the state consents. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity from suit defeats a court's subject matter jurisdiction, and is properly asserted in a plea to the jurisdiction. *Id.* at 638–39. The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

Whether a court has subject matter jurisdiction is a question of law. *Miranda,* 133 S.W.3d at 226. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.*

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts affirmatively demonstrating the court's jurisdiction to hear the case. *Miranda,* 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, just as the trial court is required to do. *Id.* at 227.

When a jurisdictional challenge implicates the merits of a plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court re-

views the relevant evidence to determine if a fact issue exists. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### 2. The Texas Tort Claims Act's Limited Waiver of Immunity

 The Texas Tort Claims Act provides a limited waiver of sovereign immunity. *See Miranda,* 133 S.W.3d at 224; TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. Under the Tort Claims Act, a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE § 101.021. The Texas Supreme Court recently reaffirmed that the Tort Claims Act's limited waiver of sovereign immunity allows suits to be brought against governmental units "only in certain, narrowly defined circumstances." *Tex. Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001) (citing *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998)).

### 3. Vela's Allegations do not Allege Facts that Constitute a Waiver of Immunity based on the Use or Operation of Patrol Cars

#### a. Vela claims immunity was waived because Officer Ozburn put him in a negligently parked car, which caused his injuries.

In his First Amended Original Petition, Vela alleged that he was a backseat passenger in a City of Kemah police vehicle that was illegally parked in the turning lane when Starnes' vehicle struck it, causing his injuries. Vela alleged the City was liable under section 101.021 of the Tort Claims Act "for personal injury caused by the negligence of an employee arising from the operation or use of a motor driven vehicle and the employee would be personally liable to the claimant according [to] Texas Law." The only specific facts alleged in support of this claim are that the City was negligent by stopping, standing, or halting its motor vehicle on a public highway, State Highway 146. Similarly, Vela alleges that the City was liable under section 101.0215(a)(1) of the Tort Claims Act for damages arising from its governmental functions of police protection and control by negligently stopping, standing, or halting its police units in a designated turning lane on State Highway 145, a public roadway, while making a traffic stop.[1] Al-

1. Vela also contends that the trial court properly denied the City's plea to the jurisdiction because he alleged an independent ground for waiver of sovereign immunity under section 101.0215, which provides that a municipality is liable under the Tort Claims Act for damages arising from its governmental functions, including police protection and control. *See*

though not explicit from the pleadings alone, a review of the pleadings and the record reveals that the thrust of Vela's complaint is that the City's police officers negligently parked or stopped their patrol vehicles in the turning lane of Highway 146, and but for their operation or use of the patrol vehicle to house Vela upon his arrest, the accident causing Vela's injuries would not have occurred.

The Legislature did not define the words "operation" and "use" in section 101.021 of the Tort Claims Act; that task has been left to the courts. The Texas Supreme Court has defined "operation" to refer to " 'a doing or performing of a practical work,' " and "use" to mean " 'to put or bring into action or service; to employ for or apply to a given purpose.' " *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992) (citing *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex.1989)).

**b. For liability to attach, the use of the car must have caused the injury.**

■■■■ For liability to attach, the use of the car " 'must have actually caused the injury.' " *Whitley*, 104 S.W.3d at 543 (citing *White*, 46 S.W.3d at 869). The operation or use of a motor vehicle " 'does not cause injury if it does no more than furnish the condition that makes the injury possible.' " *Id.* (citing *Bossley*, 968 S.W.2d at 343); *see also Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex.1995) ("Legal cause is not established if the defendant's conduct or product does no more than furnish

the condition that makes the plaintiff's injury possible."). Thus, if the patrol cars merely furnished the condition that made Vela's injuries possible, the City has not waived immunity under the Tort Claims Act.

■■■ Under these facts, the patrol cars merely furnished the condition that made Vela's injuries possible. Vela is not complaining that putting him in a patrol car following his arrest was negligent; he contends the officers acted negligently when they placed him in an improperly parked patrol car. But, this did not cause Vela's injuries. Starnes caused Vela's injuries when he ignored the flashing lights of two police cars and ran into Officer Shafer's patrol car. *See Whitley*, 104 S.W.3d at 543; *Bossley*, 968 S.W.2d at 343; *LeLeaux*, 835 S.W.2d at 52. The alleged operation or use of the patrol vehicle did no more than furnish the condition that made the injury possible. *See Whitley*, 104 S.W.3d at 543. When an injury does not arise out of the use or operation of the vehicle, and the vehicle is only the setting for the injury, immunity for liability is not waived. *See LeLeaux*, 835 S.W.2d at 52.

Our conclusion is consistent with the Texas Supreme Court's instruction that the Tort Claims Act's waiver of sovereign immunity is a limited one. *See Miller*, 51 S.W.3d at 587; *LeLeaux*, 835 S.W.2d at 51. It is also consistent with the Court's analysis in the *LeLeaux* case, which we find particularly instructive. In *LeLeaux*, a high school student was injured when she hit her head while trying to close the back

TEX. CIV. PRAC. & REM.CODE § 101.0215(a)(1). However, this section merely provides a non-exclusive list of governmental functions for which a municipality may be held liable under the Tort Claims Act generally; it does not provide an independent basis for a waiver of governmental immunity. *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.-

Forth Worth 1991, no writ). To hold a municipality liable under section 101.0215, liability must still arise out of one of the specific areas of waiver listed under section 101.021. *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

door of a school bus. The accident occurred while the student was on a school band trip to compete in a marching contest. Neither the driver nor anyone else was on the bus, and the engine was not running. *Id.* at 50. The student jumped into the rear doorway to close the rear door of the bus and hit her head on the door frame. *Id.* at 50. The student sued the school district and bus driver for damages, arguing that the school district's sovereign immunity was waived under the Tort Claims Act. She alleged that the school district negligently operated and used school buses because it loaded and unloaded band students and their instruments through the emergency rear doors of the buses. *Id.* at 51–52.

The *LeLeaux* court noted that the bus was not in operation. It was parked; it was empty; and the motor was off. As a result, the court concluded that the bus was not being operated or used; it was merely the place where the student was injured. *Id.* at 51. Assuming the school district was negligent as alleged, the student's injuries did not, as a matter of law, arise from that use, because the manner in which school district employees loaded and unloaded students had nothing to do with her injuries. *Id.* at 52. Instead, she was injured because she jumped up into the bus to try to close the back door. *Id.* This case is like that.

The Kemah police officers were not in or operating their patrol cars—Vela was merely sitting in one when the accident occurred. Although the officers used one car to house Vela after his arrest, it was not this use of the car that caused his

injuries; Starnes injured Vela by colliding with Officer Shafer's patrol car. With *Le-Leaux* as precedent, we must conclude that sovereign immunity is not waived.

**4. The Uncompleted Discovery was not a Reason to Deny the Plea to the Jurisdiction**

██ Vela also argues that the trial court properly denied the City's plea to the jurisdiction because the City repeatedly refused to present Officer Shafer for deposition after relying in part on his affidavit to support the plea. Vela points out that the trial court at one point directed the City to produce Officer Shafer.

The trial court's order denying the City's plea to the jurisdiction reflects that the parties appeared on September 8, 2003, for a pretrial conference and informed the court that Shafer's deposition had not been obtained and, therefore, discovery was incomplete. We think the trial court was wrong to deny the plea for this reason. The facts relating to the use of the patrol cars are undisputed, and nothing could be gained from deposing Officer Shafer on this issue.[2] The only information Vela identifies that could be gained from Shafer's deposition is whether Officer Shafer was "using" the patrol car to temporarily house Vela. We have assumed this for our review. Given these undisputed facts, no additional discovery is needed for us to conclude that, as a matter of law, sovereign immunity is not waived because Vela's injuries were not caused by the operation or use of the patrol vehicles as required under the Texas Tort Claims

2. We recognize an anomaly exists in allowing the City to use Officer Shafer's testimony to help it prove its claim of immunity when Vela had unsuccessfully tried to obtain his testimony. In this case, the anomaly did not result in an inequity because no factual dispute existed regarding the use of the patrol cars. Had a fact issue existed on this, the deposition would have been necessary. Since no fact issue existed, his deposition was irrelevant to our analysis.

Act.[3]

We hold that the trial court erred in denying the City's plea to the jurisdiction. We reverse the judgment of the trial court and render judgment dismissing Vela's suit against the City for want of jurisdiction.

**3.** Because of our resolution of this issue, we need not address the City's remaining issues.