Reversed and Rendered and Opinion filed August 16, 2007








Reversed
and Rendered and Opinion filed August 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01053-CV

_______________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

 

V.

 

ROBERT E. GRISHAM, INDIVIDUALLY AND AS NEXT OF FRIEND
OF ROBERT T. GRISHAM, Appellee

                                                                                                                                               


On Appeal from the 25th
District Court

Colorado County, Texas

Trial Court Cause No. 21,540

                                                                                                                                               


 

O P I N I O N

The
Texas Department of Public Safety (ATDPS@) appeals the trial court=s denial of its plea to the
jurisdiction.  In one issue, TDPS contends the facts alleged by Robert E.
Grisham, individually and as next of friend of Robert T. Grisham, appellee, did
not demonstrate a waiver of sovereign immunity because there was no use of a
motor vehicle or property and no nexus between the injury and operation or use
of the vehicle.  We reverse and render judgment dismissing appellee=s claims against TDPS for want of
jurisdiction.  








I.  Background 

On the
evening of November 12, 2005, Robert E. Grisham, and his minor son, Robert T.
Grisham, were involved in a motor vehicle accident while driving eastbound on
IH-10 near Weimar, Texas.  The accident occurred when Grisham  approached the
scene of another accident.  The first accident was caused by co-defendant,
Martha Cowling, who had driven west in the eastbound lanes while intoxicated. 
As a result, Cowling=s car was partially obstructing the left lane.[1] 
In response, a TDPS trooper was dispatched to the scene of Cowling=s accident.  

As
Grisham approached the site of Cowling=s wrecked vehicle, he was in the
right lane.  He observed a TDPS cruiser parked on the right shoulder of the
highway with overhead emergency lights activated.  Upon seeing the TDPS cruiser
on the shoulder of IH-10 with  emergency lights activated, Grisham changed to
the left lane.  Shortly after changing lanes, Grisham collided with Cowling=s vehicle in the left lane, causing
physical injuries to himself and his son.  

Grisham
filed suit against TDPS and Cowling.  In his live pleading, Grisham alleged
that the TDPS trooper used or misused the TDPS cruiser and overhead emergency
lights in a manner that funneled Grisham directly into the disabled vehicle.

TDPS
answered suit and asserted sovereign immunity in its plea to jurisdiction. 
After a hearing, the trial court denied TDPS=s plea to the jurisdiction.  TDPS
appeals this denial

II.  Standard of Review 








A unit
of state government is immune from suit unless the state consents.  Tex. 
Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); City of Kemah v. Vela,
149 S.W.3d 199, 202 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  Sovereign immunity
from suit defeats a court=s subject-matter jurisdiction and is properly asserted in a
plea to the jurisdiction.  Jones, 8 S.W.3d at 638B39.  A trial court must address
whether it has subject matter jurisdiction over a case before litigation may
proceed.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court=s jurisdiction by alleging a valid waiver of immunity.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To
determine if the plaintiff has met that burden, Awe consider the facts alleged by the
plaintiff and to the extent it is relevant to the jurisdictional issue the
evidence submitted by the parties.@  Tex. Natural Res. Conservation
Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001).        Whether a court has
subject-matter jurisdiction is a question of law.  Miranda, 133 S.W.3d
at 226.  Whether a pleader has alleged facts that affirmatively demonstrate a
trial court=s subject-matter jurisdiction is a question of law reviewed de novo.  Id. 
Likewise, whether undisputed evidence of jurisdictional facts establishes a trial
court=s jurisdiction is also a question of
law.  Id. 

When a
party challenges the pleadings in a plea to the jurisdiction, we determine if
the pleader alleged facts affirmatively demonstrating the court=s subject-matter jurisdiction. Id. 
We construe the pleadings liberally in favor of the plaintiff and look to the
pleader=s intent.  Id.  However, if a
plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised, just as the trial court is required to do.  Id.
at 227.  








When a
jurisdictional challenge implicates the merits of a plaintiff=s cause of action and the plea to the
jurisdiction includes evidence, the trial court reviews the relevant evidence
to determine if a fact issue exists.  Id.  If the evidence creates a
fact question regarding the jurisdictional issue, then the trial court cannot
grant the plea to the jurisdiction, and the fact issue will be resolved by the
fact-finder.  Id. at 227B28.  However, if the relevant evidence is undisputed or fails
to raise a fact question on the jurisdictional issue, the trial court rules on
the plea to the jurisdiction as a matter of law.  Id. at 228.  

III.  Texas Tort Claims Act 

In its
sole issue, TDPS contends the conduct of its trooper did not amount to a waiver
of sovereign immunity.  Specifically, TDPS contends that the trooper did not
negligently use or misuse his vehicle or overhead emergency lights when he
parked on the right shoulder of the highway with emergency lights activated. 
TDPS further argues that there was no nexus between the use or operation of the
vehicle and the injury.  

In
response, Grisham argues the trooper negligently used or misused his cruiser by
parking it on the right shoulder with the emergency lights activated because
the trooper should have anticipated based on the AMove Over Act@ that  Grisham would change lanes
from the unobstructed right lane to the left lane.  See Tex. Transp. Code Ann. ' 545.157(a) (Vernon Supp. 2006). 
Grisham argues that the accident would not have occurred but for the trooper=s operation or use of the cruiser and
emergency lights.   

The
Texas Tort Claims Act (ATTCA@) allows an individual to sue a governmental unit Aonly in certain, narrowly defined
circumstances.@   Tex. Dept. Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001) (citing Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339, 341 (Tex. 1998)).  Under the TTCA, a governmental
unit in the state is liable for:  

(1)
property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:  

(A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment; and 

(B) the employee would be personally liable to the claimant according
to Texas law; and 








(2) personal
injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to
the claimant according to Texas law.  

Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon 2005).  

The
Legislature did not define the words Aoperation@ and Ause@ in section 101.021 of the TTCA.  City
of Kemah, 149 S.W.3d at 204.  The Texas Supreme Court has defined  Aoperation@ as  Aa doing or performing of a practical
work@ and Ause@ as  Ato put or bring into action or
service; to employ for or apply to a given purpose.@  Whitley, 104 S.W.3d at 542B43 (Tex. 2002);  LeLeaux v.
Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992).    

A
governmental unit is not liable for injuries proximately caused by a negligent
employee unless the injury Aarises from the operation or use of a motor-driven vehicle.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021.  AArises from,@ as it is used in the statute,
requires a nexus between the injury and the operation or use of the vehicle.  Whitley,
104 S.W.3d at 543; LeLeaux, 835 S.W.2d at 51.  This nexus requires more
than mere involvement of property.  Whitley, 104 S.W.3d at 543.  Rather,
A>the [vehicle]=s use must have actually caused the
injury.=@  Whitley, 104 S.W.3d at 543
(quoting White, 46 S.W.3d at 869); City of Kemah, 149 S.W.3d at
204.  A[T]he operation or use of a motor
vehicle >does not cause injury if it does no
more than furnish the condition that makes the injury possible.=@ Whitley, 104 S.W.3d at 543
(quoting Bossley, 968 S.W.2d at 343);  Union Pump Co. v.
Allbritton, 898 S.W.2d 773, 776 (Tex. 1995) (ALegal cause is not established if the
defendant=s conduct or product does no more than furnish the condition that makes
the plaintiff=s injury possible.@).  The Texas Supreme Court has noted that this nexus
requirement is consistent with the clear intent of the TTCA that the waiver of
sovereign immunity be limited.  LeLeaux, 835 S.W.2d at 51. 








This
court focused on the nexus requirement in City of Kemah v. Vela. 149
S.W.3d at 204B05.  In City of Kemah, a police officer stopped Gabriel Vela for
an expired registration sticker.  Id. at 201.  Vela stopped his car in
the left turn lane.  Id.  The officer parked his patrol car behind Vela=s car and activated the emergency
lights.  Id.  During the stop, the officer discovered Vela had an
outstanding traffic warrant.  Id.  The officer arrested Vela, placed him
in handcuffs, and seated him in the backseat of the patrol car.  Id.  A
second police officer arrived and parked his patrol car with the emergency
lights activated behind the first officer=s  parked patrol car.  Id.  
Shortly thereafter, a truck drove into the back of the second patrol car,
forcing the car into the back of the first patrol car, where Vela was seated.  Id. 
Vela sustained injuries.  Id.   At the time of the collision, neither
officer was in the car.  Id.  Vela sued the City of Kemah and the truck
driver for negligence.  Id.  Vela complained that the officers
negligently parked or stopped their patrol vehicles in the turning lane of the
highway and but for their operation or use of the patrol vehicle to house Vela
upon his arrest, the accident causing his injuries would not have occurred.  Id.
at 204.  The City of Kemah asserted sovereign immunity in a plea to the
jurisdiction, which the trial court denied.  Id. at 201B02.  On appeal, this court reversed
the trial court and held that sovereign immunity was not waived.  Id. at
204B05.  Specifically, this court
explained that although the officers used a patrol car to house Vela after his
arrest, it was not this use of the car that caused his injuries.  Id. at
205.  Instead, the truck driver caused Vela=s injuries by colliding with the
parked patrol cars.  Id.  








Here,
Grisham argues that he changed lanes because he was acting in accordance with 
the Move Over Act, which was enacted by the Legislature in 2003.  See Move
Over Act, 78th Leg., R.S., ch. 327, 2003 Tex. Gen. Laws 1401.  Under the Move
Over Act, a driver on a highway with two or more lanes, traveling in the
direction of an emergency vehicle is required to (1) vacate the lane closest to
the emergency vehicle, or (2) slow to a speed not to exceed twenty miles per
hour less than the posted speed limit when the posted speed limit is
twenty-five miles per hour or more.  Tex.
Transp. Code Ann. ' 545.157(a).[2]  Grisham
contends the TDPS officer was negligent because he failed to consider the Move
Over Act when he parked the cruiser on the shoulder with the lights activated. 
Grisham contends the action of parking and turning on the lights, in conjunction
with the Move Over Act, Afunneled@ him into the left lane.

However,
in this case, Grisham=s injury was caused by his collision with Cowling=s disabled vehicle that was
obstructing the left lane.  A[T]he operation or use of a motor vehicle >does not cause injury if it does no
more than furnish the condition that makes the injury possible.=@  Whitley, 104 S.W.3d at 543
(quoting Bossley, 968 S.W.2d at 343).  Here, the TDPS cruiser parked on
the right shoulder with the lights activated merely furnished the condition
that made Grisham=s injury possible.  The cruiser did not actually cause the
injury.  Under the Move Over Act, Grisham had two alternatives.  Grisham could
either move over to the left lane or reduce his speed to at least twenty miles
per hour below the speed limit.  See
Tex. Transp. Code Ann. ' 545.157(a).  Grisham chose to change lanes instead of
reducing his speed.  Even though changing lanes was one of the options
sanctioned by the Move Over Act, making this choice did not obviate Grisham=s obligation as a motorist to not
move from his lane of traffic unless that movement could be made safely.  See
Tex. Transp. Code Ann. ' 545.060(a) (AAn operator on a roadway divided into
two or more clearly marked lanes for traffic . . . may not move from the lane
unless that movement can be made safely.@) The obstruction in the left lane
caused by Cowling=s disabled vehicle jeopardized Grisham=s ability to move from his lane
safely.  








We note
that the record before us does not contain information regarding Grisham=s speed at the time he chose to
change lanes.  However, an excerpt of Grisham=s deposition indicates he said Athe traffic was relatively heavy@ and Ait seemed like there was considerable
amount of traffic for that time of night.@  If the traffic were heavy, it would
have been reasonable to have reduced his speed to twenty miles per hour below
the speed limit.  In the end, Grisham=s decision to change lanes and the
collision with Cowling=s vehicle which followed actually caused his injuries.  We
conclude that sovereign immunity is not waived.  We note that our conclusion is
consistent with the Texas Supreme Court=s instruction that the TTCA=s waiver of sovereign immunity is a
limited one.  See Miller, 51 S.W.3d at 587.

Accordingly,
we reverse and render judgment dismissing appellee=s claims against TDPS for want of
jurisdiction.  

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
August 16, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

 

 









[1]  There are two-eastbound lanes of traffic in this area
of IH-10.  





[2]  The legislative history of the  statute indicates
its purpose was to reduce incidents of police officers and emergency personnel
sustaining injury or being killed in the line of duty.  See Texas State
Senate Realmedia Video Archives, http://www.senate.state.tx.us/avarchive/?yr=2003&mo=2.