

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00152-CV

SOMCHAI SARAMANEE AND                                        APPELLANTS
ANDREW TERRELL BOGGESS

V.

TOWN OF NORTHLAKE                                            APPELLEE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Somchai Saramanee and Andrew Terrell Boggess appeal from the trial court's grant of Appellee the Town of Northlake's plea to the jurisdiction. In three issues, Saramanee and Boggess argue that they pled sufficient facts to establish a waiver of governmental immunity under section 101.021 of the Texas Tort Claims Act (TTCA), that Northlake did not produce evidence establishing

---

[1]*See* Tex. R. App. P. 47.4.

that section 101.021 does not apply, and that even if section 101.021 does not waive immunity, immunity is waived under section 101.0215 for negligence arising from Northlake's provision of police enforcement. Because we hold that Saramanee and Boggess alleged sufficient facts to demonstrate a waiver of immunity under section 101.021, we reverse the trial court's order dismissing their claims.

While on patrol on October 7, 2007, Northlake Police Officer Nick McGregor observed a group of motorcyclists driving on the freeway; two motorcyclists in the front of the group were speeding and performing "wheelies." McGregor decided to stop the motorcyclists, and to do so, he drove onto the freeway on ramp, crossed the white lines to get into the right lane, got in front of the two motorcycles in the lane, and then stopped his car in the lane. Of the two motorcyclists, one came to a stop and the other drove around the police car and did not stop. McGregor opened his driver's side car door and exited his vehicle on the driver's side. Boggess and Saramanee were among the motorcycle drivers in the group, and an accident occurred when Saramanee struck Boggess's motorcycle.

Boggess and Saramanee filed suit against the Town of Northlake, alleging that McGregor was recklessly and grossly negligent in the operation of his police vehicle. Northlake filed a plea to the jurisdiction, asserting governmental immunity and contending that (1) Boggess and Saramanee had not stated a claim for which the town's immunity from suit had been waived and (2) Boggess

2

and Saramanee had failed to allege facts showing either that their injuries had been caused by the use or operation of a motor vehicle[2] or by the condition or use of tangible personal property.[3]

In their response, Boggess and Saramanee did not specify which section of the TTCA waived immunity for their claims, but they asserted that there was "a clear nexus between [McGregor's] use of the vehicle" and their injuries, and they used the "arises from" language of section 101.021(1), impliedly arguing that their injuries were caused by the operation or use of McGregor's vehicle. They attached to their response an internal investigation memo from the Northlake police department, which stated that McGregor had violated department directives by using his vehicle to block the roadway and by failing to have due regard for the safety of other vehicles on the roadway.

At the hearing on Northlake's plea to the jurisdiction, Boggess and Saramanee put on evidence to show that the accident resulted from McGregor's actions. The trial court watched the video from the in-car camera in McGregor's vehicle. Boggess then testified about the accident. He stated that as he was driving on the freeway, he saw an all-black car driving on the service road at a high rate of speed. He saw the driver cut across the solid white line to get onto

[2]See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 2011) (waiving a governmental unit's immunity for injuries and damages arising from the use or operation of a motor vehicle).

[3]See id. § 101.021(2) (waiving immunity for damages resulting from the use or condition of tangible property).

3

the interstate, come to a complete stop, and turn on its emergency lights. After McGregor's car stopped, Boggess started slowing down to miss the vehicle, "which [he] just thought was an erratic driver." When McGregor exited the car, Boggess saw that it was a police officer, "so [he] took evasive action to make sure that [he] did not contact the officer himself, which led to the accident." Boggess also testified that he did not have a Class M certification on his driver's license, and he acknowledged that other motorcycle drivers were able to pass McGregor's vehicle to the left and on the shoulder to the right.

Northlake argued that the evidence did not show that it was the use of McGregor's vehicle that directly caused Boggess's and Saramanee's damages, but rather that McGregor's use of the vehicle merely created the condition that made the accident possible. After hearing the evidence, the trial court concluded that the damages did not arise from McGregor's use or operation of his motor vehicle. The court noted that the evidence showed that another motorcyclist had time to come to a complete stop behind McGregor's vehicle even though he had been ahead of Boggess on the road and that McGregor had time to get out of his vehicle before the accident occurred. The trial court also referenced Boggess's testimony regarding why he swerved:

> He says he sees the car coming at a high rate of speed, coming
> down . . . the access road, pulling onto the road at a high rate of
> speed. He doesn't think it's a police car, so I guess he just doesn't
> care if it's not a police car. After [McGregor] stops, turns on his
> lights, and . . . swings open the door and puts his feet [on the road],
> then [Boggess] says, oh, it's a police officer, I guess I better swerve

4

it since it's a police officer. I mean, that—your client's testimony doesn't make any sense in that regard.

The court then concluded, "What I see when I look at the video[], and coupled with your own client's testimony is, that the vehicle was in park, and the officer's feet were on the pavement, he was not using or operating the motor vehicle at the time the accident occurred." The trial court then granted Northlake's plea to the jurisdiction.

## Governmental Immunity

The state has sovereign immunity from suit and from liability unless that immunity has been waived.[4] Cities, as political subdivisions of the state, are also entitled to immunity—referred to as governmental immunity—both from suit and from liability, except when that immunity has been waived.[5]

The TTCA waives immunity from liability for

property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to Texas law.[6]

---

[4]*State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

[5]*Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

[6]Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

5

To the extent that the TTCA waives a governmental unit's immunity from liability, it also waives the governmental unit's liability from suit.[7]

**Standard of Review for Pleas to the Jurisdiction**

We review a trial court's ruling on a plea to the jurisdiction de novo.[8] A plaintiff has the burden of alleging facts that affirmatively demonstrate that the trial court has subject-matter jurisdiction.[9] Accordingly, because a governmental unit has immunity from suit, a plaintiff asserting a claim against a governmental unit must allege facts that affirmatively demonstrate that the legislature has waived immunity for the claims brought.[10]

In determining a plea to the jurisdiction challenging the pleadings, that is, asserting that the plaintiff has not met this burden, a court looks at the allegations in the plaintiff's pleadings and accepts them as true.[11] If, however, the plea to the jurisdiction challenges the existence of jurisdictional facts, a court must also consider the relevant evidence necessary to resolve the jurisdictional issues

---

[7]*Id.* § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

[8]*Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 407 (Tex. App.—Fort Worth 2006, pet. denied).

[9]*City of Fort Worth v. Robinson*, 300 S.W.3d 892, 895 (Tex. App.—Fort Worth 2009, no pet.).

[10]*City of Arlington v. Randall*, 301 S.W.3d 896, 906 (Tex. App.—Fort Worth 2009, pet. filed).

[11]*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Pakdimounivong*, 219 S.W.3d at 407.

raised.[12] When a jurisdictional challenge also implicates the merits of the plaintiff's claim, then the trial court considers the evidence submitted by the parties to determine if a fact question exists.[13] If the evidence creates a fact question about the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction; instead, the trial court must leave the fact issue for determination by the fact finder.[14] But if the evidence is undisputed, or if the evidence does not raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.[15]

**Analysis**

In their first issue, Saramanee and Boggess argue that they pled sufficient facts to establish a waiver of governmental immunity under section 101.021 based on their allegations that McGregor operated and used a patrol car negligently in a manner that caused an accident, resulting in Saramanee's and Boggess's property damage and injuries.

In Northlake's plea to the jurisdiction, it challenged both the pleadings and the existence of jurisdictional facts. With respect to Northlake's challenge to their pleadings, Saramanee and Boggess had the burden to plead facts that, if true,

---

[12]*Miranda*, 133 S.W.3d at 227.

[13]*Id.*

[14]*Id.* at 227–28.

[15]*Id.* at 228.

7

demonstrate (1) that their damages were proximately caused by McGregor's negligence or wrongful act during the scope of his employment, (2) that the damages resulted from the operation or use of a motor-driven vehicle, and (3) that McGregor would be personally liable to them under Texas law.[16] Northlake's plea to the jurisdiction challenged their pleadings with respect to the "operation or use" element. In their petition, Saramanee and Boggess alleged that without operating his siren or emergency lights, McGregor pulled onto the highway at a high rate of speed directly in front of the motorcycle drivers and then "suddenly slammed on his brakes[,] forcing the motorcycles to take emergency evasive action to avoid a collision with the patrol unit." If such action on McGregor's part constitutes the operation or use of a motor vehicle, and if the damages complained of arose from this operation or use, then their pleadings sufficiently alleged a waiver of immunity.[17]

At issue here are the terms "arises from" and "operation or use." The term "operation" means "'a doing or performing of a practical work,'" and the term "use" means "'to put or bring into action or service; to employ for or apply to a given purpose.'"[18] By use of the phrase "arises from," the statute "requires a

---

[16]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1); *Miranda*, 133 S.W.3d at 227.

[17]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

[18]*LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (quoting *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989)).

nexus between the injury negligently caused by a governmental employee and the operation or use" of a vehicle by the employee.[19] The nexus "requires more than mere involvement of property."[20] For immunity to be waived, the employee's operation or use of the vehicle must not be merely part of a sequence of events that ultimately results in the injury but must actually cause the injury.[21] If the vehicle is nothing more than the place where the plaintiff has injured himself, or if the vehicle does no more than furnish the condition that makes the injury possible, immunity is not waived.[22]

Saramanee and Boggess alleged in their petition that without operating his siren or emergency lights, McGregor pulled onto the highway at a high rate of speed directly in front of the motorcycle drivers and then "suddenly slammed on his brakes[,] forcing the motorcycles to take emergency evasive action to avoid a collision with the patrol unit." In their response to Northlake's plea, they asserted that McGregor slammed on his brakes to block their path at a time when they did not have sufficient time or distance from his vehicle to stop. These facts do not

---

[19]*Id.*

[20]*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003).

[21]*Id.*

[22]*Id.*; *LeLeaux*, 835 S.W.2d at 51; *see also Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) (holding that immunity is not waived based on the use or condition of tangible property when the use or condition of the property was too attenuated from the injury to be said to have caused it).

allege that McGregor's actions with his vehicle merely furnished a condition that made the accident possible or that his actions were merely part of a sequence of events that ultimately led to their injuries. They allege that Boggess had to take emergency evasive action to avoid hitting McGregor because of McGregor's actions and that McGregor's operation of his vehicle was the reason for and actual cause of Boggess's swerving into the left lane and Saramanee's resulting collision with Boggess. Saramanee and Boggess's pleadings thus alleged facts showing that their injuries arose from McGregor's use or operation of his vehicle.[23] Accordingly, we hold that Saramanee and Boggess sufficiently pled a waiver of Northlake's immunity. We sustain their first issue.

In their second issue, Saramanee and Boggess argue that Northlake did not meet its burden to prove that their injuries and property damage did not arise from and were not caused by McGregor's operation or use of his patrol car. In addition to challenging Saramanee and Boggess's pleadings, Northlake also challenged the existence of jurisdictional facts, that is, it argued that the facts of the case did not give rise to jurisdiction. Because the facts as pled sufficiently alleged a waiver of immunity, in order to prevail on its plea, Northlake had to show that despite what Saramanee and Boggess pled, their damages actually

---

[23]*See, e.g., Hitchcock v. Garvin*, 738 S.W.2d 34, 37 (Tex. App.—Dallas 1987, no writ) (holding that the plaintiffs had alleged a waiver of immunity based on the operation of a motor-driven vehicle when they alleged that a bus driver failed to activate the flashers or warning signals of the school bus when children were exiting and that their daughter was struck by a car as she crossed the street immediately after exiting the bus).

arose in some manner other than as alleged and that the manner in which the damages arose did not support a waiver of immunity.

Northlake alleged below that the damages complained of did not arise from McGregor's operation or use of his motor vehicle because the damages were actually caused when Saramanee drove his motorcycle into Boggess's motorcycle. And again on appeal, Northlake points out that at the time of the accident, McGregor's vehicle was not being used or operated. But what matters is not whether McGregor was driving his vehicle at the exact moment of the collision, but whether McGregor did actually use or operate his vehicle and whether that use or operation gave rise to the injuries. Northlake had the burden to bring forth favorable evidence on this point.[24] If it did so, Saramanee and Boggess would then have had the burden to submit evidence raising an issue of fact on the issue of jurisdiction.[25]

The trial court considered evidence submitted by both sides about the cause of the accident.[26] The evidence conflicted about whether, as Northlake police department's report stated, Saramanee and Boggess "possibly were unable to see [McGregor's] vehicle parked in the roadway due to the other motorcycles in front of them," or whether, as Boggess testified, he did see

---

[24]*See Miranda*, 133 S.W.3d at 227.

[25]*See id.*

[26]*See id.*

11

McGregor's vehicle. The evidence also conflicted on whether Boggess had come to a stop at the time that he was struck by Saramanee. Boggess also gave seemingly contradictory evidence about whether he could have avoided hitting McGregor's vehicle without swerving into the left lane, at one point stating that if McGregor had not exited the patrol car, he could have stayed in the same lane and passed the vehicle without moving into the left lane, and stating at another point that his only choice was between moving into the left lane and hitting McGregor's vehicle.

The trial court was not called upon, however, to resolve these factual disputes because while the evidence may raise questions of fact about the merits of Saramanee and Boggess's claims, it does not raise questions of fact on the issue of jurisdiction.[27] Regardless of whether Boggess stopped his motorcycle and was then hit by Saramanee or was hit by Saramanee because he swerved into Saramanee's driving lane, and regardless of whether it was McGregor or his vehicle that Boggess was attempting to avoid hitting, even Northlake's evidence showed that McGregor's actions directly set in motion the rapid sequence of events that resulted in the accident, either because Boggess took evasive action to avoid hitting McGregor or his vehicle (after McGregor used his vehicle by

---

[27] *See id.* at 227–28 (stating that if the evidence creates a fact question on the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction and must leave the fact issue for the fact finder, but that if the relevant evidence fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law).

12

stopping on the freeway and by opening the door) or because McGregor used his vehicle as a blockade, resulting in Boggess stopping his motorcycle and Saramanee striking it almost immediately after the stop. Without regard to what the evidence at trial will ultimately show, under any of the factual scenarios supported by the evidence submitted to the trial court for jurisdictional purposes, Northlake failed to show that Saramanee's and Boggess's damages did not arise from McGregor's use or operation of his vehicle.[28]

Northlake contends that the video from the in-car camera in McGregor's vehicle conclusively showed that his use of the vehicle was too attenuated from the accident. It argues that the video demonstrated a gap of eight to fourteen seconds between when McGregor stopped and when the accident occurred and a gap of twelve to eighteen seconds between the time at which McGregor activated his emergency lights and the time of the accident. Northlake bases its calculations on the time stamp on the video, from the time at which the video shows McGregor entered the freeway and the time at which McGregor can be heard saying "What happened? You okay?" Even assuming that a time gap of less than thirty seconds between two events could make the second event too attenuated from the first to show causation, Northlake is incorrect that the video

---

[28] *See Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 867 (Tex. App.—Austin 2001, pet. denied) (holding that the trial court did not err by denying a school district's plea to the jurisdiction because school bus driver's affirmative act in honking to signal to a student that the street was safe to cross was a use of the bus and may have contributed to the accident); *Hitchcock*, 738 S.W.2d at 37.

13

conclusively shows that McGregor's vehicle did no more than furnish a condition that made the injuries possible. The camera was facing forward, and therefore it did not record the accident or any events that happened behind McGregor's vehicle. The video thus does not conclusively establish sufficient attenuation between McGregor's actions and the accident.

Northlake cites cases that it urges this court to follow, but those cases are distinguishable. This is not a case in which the facts alleged in the pleadings or the evidence demonstrated that Boggess and Saramanee could have avoided the accident if they had not ignored McGregor's flashing lights until it was too late.[29] Nor is this a case when the plaintiffs' allegations showed or the evidence before the trial court proved that Boggess chose to move over into another lane instead of stopping; here, Boggess alleged and testified that he did not have time to stop, and Northlake's evidence did not conclusively prove otherwise.[30] Finally, this case is not one in which the plaintiffs were injured because they attempted to evade the police instead of yielding to a traffic stop.[31] None of the cases cited by

---

[29]*See City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that immunity was not waived when the plaintiff's injuries resulted from a driver ignoring the flashing lights of two police cars and striking the vehicle in which the plaintiff was sitting).

[30]*See Tex. Dep't of Pub. Safety v. Grisham*, 232 S.W.3d 822, 827 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that immunity was not waived when the plaintiff driver, upon seeing a stopped patrol car on the shoulder, chose to move into the left lane, which was obstructed by a vehicle, instead of slowing down).

14

Northlake addressed a scenario in which a government employee's use or operation of a vehicle creates a situation that requires immediate evasive action that results in injuries. Accordingly, we sustain Saramanee and Boggess's second issue.

Because we have sustained their first two issues, which are dispositive, we do not reach Saramanee and Boggess's third issue in which they argue that Northlake's immunity was waived under section 101.0215 of the TTCA.[32]

Having sustained Saramanee and Boggess's dispositive issues, we reverse the trial court's order dismissing their claims for want of jurisdiction and remand this cause for further proceedings.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 17, 2011

---

[31] *See City of Dallas v. Hillis*, 308 S.W.3d 526, 535 (Tex. App.—Dallas 2010, pet. filed) (concluding that the police officer's use of his patrol car was too attenuated from the plaintiff's conduct to constitute a cause of the plaintiff's injuries when the police officer attempted to initiate a traffic stop of the plaintiff and, instead of stopping, the plaintiff accelerated, attempted to flee, and ultimately lost control of his motorcycle).

[32] *See* Tex. R. App. P. 47.1.