**Conditionally Granted and Opinion Filed May 10, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01144-CV

## IN RE DALLAS COUNTY, TEXAS AND DALLAS COUNTY CONSTABLE BILL GIPSON, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-19270**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In this original proceeding, relators Dallas County and Dallas County Constable Bill Gipson seek mandamus relief from the trial court's order compelling them to respond to discovery requests propounded by real parties in interest Bryan Woodard and Lonny Yarbrough. Relators contend that they are entitled to such relief because the trial court compelled discovery before considering their pleadings-based jurisdictional challenges. We stayed the trial court's order granting real parties' motion to compel. After reviewing the petition, response, reply, and the record, we conditionally grant the petition.

# BACKGROUND

Real parties in interest Bryan Woodard and Lonny Yarbrough are former Dallas County deputy constables. In November 2018, relator Bill Gipson won the election for the Dallas County Constable for Precinct 2. Following the election, Gipson notified Woodard, Yarbrough, and other deputy constables that they would not be re-sworn as deputy constables when he took office. Although Woodard and Yarbrough attempted to appeal their adverse employment determinations through the Dallas County grievance system, they were denied a grievance hearing based on their dates of hire. Specifically, the County determined they were not covered by the Dallas County civil service system because they were hired after August 19, 2003.

Woodard and Yarbrough thereafter sued Dallas County and Constable Gipson for wrongful termination. In their first amended petition (the operative pleading), Woodard and Yarbrough alleged they were denied their property rights in employment, denied equal protection under the law because they were not entitled to grieve adverse employment actions like employees hired before August 19, 2003, and suffered violations of their grievance rights under section 617.005 of the Texas Government Code. They further asserted that Dallas County and Constable Gipson are not immune from suit or from liability because their actions and omissions deprived and/or damaged real parties' property rights without due course of law, denied real parties equal protection under law, and failed to comply with section 617.005 of the Texas Government Code.

Dallas County and Constable Gipson each filed an answer and plea to the jurisdiction. In their pleas, they asserted that a governmental unit may only be sued upon a clear and unequivocal waiver of immunity, and that real parties' pleadings fail to show such a waiver. They specifically argued that:

- Real parties were at-will employees with no property interest to support a due process violation or wrongful termination claim;

- Real parties failed to allege *ultra vires* acts for which relators may be held liable;

- Real parties were never covered under the civil service system, and, thus, their allegations do not implicate section 617.005 of the Texas Government Code;

- Section 617.005 of the Texas Government Code only provides civil servants with the right to present grievances about wages, hours of employment, or conditions of work, and not about terminations; and

- It is the Dallas County Civil Service Commission, and not relators, that determines who is covered by the grievance system.

Shortly after relators filed their pleas to the jurisdiction, Woodard and Yarbrough filed a motion to compel responses to their discovery requests.

The suit was initially assigned to Judge Aiesha Redmond of the 160th District Court of Dallas County. Judge Redmond began to hear the pleas to the jurisdiction, but when real parties' counsel asked her to consider recusing herself, she stopped the hearing and recused herself. The case was transferred to Judge Staci Williams of the 101st District Court of Dallas County.

–3–

On November 29, 2021, Judge Williams held a hearing on the motion to compel discovery. The pending pleas to the jurisdiction were set to be heard on a later date. At the hearing, Judge Williams advised the parties that she would hear the motion to compel, but that she reserved her ability to hold the motion to compel in abeyance until she heard the pleas to the jurisdiction. After hearing the parties' arguments, the court took the matter under advisement, but asked the parties to narrow down the discovery requests to immunity-related topics.

On December 2, 2021, before hearing the pleas to the jurisdiction, Judge Williams issued her order compelling discovery. The order directed relators to respond to various discovery requests. The order also required Constable Gipson and a corporate representative for Dallas County to appear for depositions. This mandamus proceeding followed.

## STANDARD OF REVIEW

Entitlement to mandamus relief requires relators to show that the trial court has clearly abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## APPLICABLE LAW

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity from suit defeats a trial

–4–

court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Id.* at 225–26. "The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012).

When a plea raises jurisdictional issues, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d. at 226. "A trial court abuses its discretion when it subjects a governmental unit to pre-trial discovery and the costs incident to litigation without ruling on a plea to the jurisdiction." *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding) (mem. op.) (per curium); *see also In re Brown*, No. 05-20-00639-CV, 2020 WL 4047965, at *4 (Tex. App.—Dallas July 20, 2020, orig. proceeding) (mem. op.) (concluding that trial court abused discretion by deferring ruling on plea to jurisdiction that did not challenge existence of jurisdictional facts); *City of Galveston v. Gray*, 93 S.W.3d 587, 591–92 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (concluding that trial court abused discretion in refusing to rule on city's and county's respective pleas to jurisdiction and allowing plaintiff to conduct discovery on liability).

A plea to the jurisdiction may be presented as either an attack on the sufficiency of the pleadings, or an evidentiary attack on the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–27. When a plea to the

jurisdiction challenges the pleadings, courts determine if the pleader has met his or her burden of pleading facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Courts construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* If the pleadings fail to contain sufficient facts that affirmatively demonstrate the trial court's jurisdiction but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be given the opportunity to amend. *Miranda,* 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without giving the plaintiffs an opportunity to amend. *Id.* at 227.

When a jurisdictional challenge is evidence-based, however, the jurisdictional question may be inextricably bound with the merits of the case. *Id.* at 226. As a result, a determination regarding the trial court's subject matter jurisdiction may require considering evidence. *Id*. In such situations, the trial court has discretion to decide whether the jurisdictional determination "should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Id.* at 227. The discretion-to-defer issue is "based on the ultimate question of whether there are *apparent* genuine issues of intertwined material fact (which would justify a 'delay' in the form of a denial of the plea to the jurisdiction to allow for ultimate jury/fact finder resolution) or *potential*

genuine issues of intertwined material fact that have not yet been fully developed (which would justify a 'delay' in the form of an abatement for targeted discovery)." *Tex. Tech Univ. Health Scis.–El Paso v. Flores*, 587 S.W.3d 831, 838 n.2 (Tex. App.—El Paso 2019) (emphasis in original), *rev'd on other grounds*, 612 S.W.3d 299, 314 (Tex. 2020).

## ANALYSIS

Dallas County and Constable Gipson contend the trial court abused its discretion by compelling discovery before hearing their pleas to the jurisdiction. We agree. Based on our review, the pleas to the jurisdiction constitute a pleadings-based jurisdictional challenge because they do not dispute any of the alleged facts relating to the decisions to not swear in Woodard and Yarbrough as deputy constables following the election and to deny them a grievance hearing.

Without any fact-dependent jurisdictional arguments requiring further discovery, the trial court was obligated to hear the pleas to the jurisdiction at the earliest opportunity before considering whether to compel discovery. *See City of Kemah v. Vela*, 149 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding trial court erred in denying plea to jurisdiction to allow additional discovery because facts were undisputed and "no additional discovery is needed for us to conclude that, as a matter of law, sovereign immunity is not waived"). Because relators' jurisdictional challenges are solely based on the sufficiency of the pleadings and there is no fact issue to be resolved, we conclude the trial court abused its

–7–

discretion by compelling *any* discovery before considering the pleas to the jurisdiction. Further, even if this were a situation where the court was permitted to compel targeted discovery (and it is not), we conclude that the ordered discovery is not confined to jurisdictional issues.

Dallas County and Constable Gipson also lack an adequate remedy by appeal. The trial court's discovery order effectively requires them to suffer the burden and expense of litigation before their claims of immunity from suit have been determined—a harm that cannot be adequately remedied on appeal.

Accordingly, Dallas County and Constable Gipson have demonstrated their entitlement to mandamus relief because the trial court erroneously compelled discovery before considering their pleadings-based jurisdictional challenges, and they lack an adequate appellate remedy. Having reached this conclusion, we decline to consider their remaining arguments.

**CONCLUSION**

We conclude the trial court abused its discretion by compelling discovery before hearing relators' pleadings-based jurisdictional challenges, and the trial court's order leaves relators without an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus and lift the stay imposed by our order dated December 23, 2021. We direct the trial court to vacate its December 2, 2021 order on real parties' first motion to compel discovery within

fifteen days of this opinion and to hear the pending pleas to the jurisdiction at its earliest opportunity. A writ will issue only if the trial court fails to comply.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

211144F.P05