# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-13-00173-CV
---

**City of Smithville, Appellant**

**v.**

**Thomas Watts, Appellee**

---
### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT
### NO. 27,221, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellee Thomas Watts was injured when his vehicle collided with a fire tanker truck owned by appellant City of Smithville but being driven by the Smithville Volunteer Fire Department. Watts brought suit against Smithville under the Texas Tort Claims Act (TCA). *See* Tex. Civ. Prac. & Rem. Code §§ 101.001–.109. Smithville filed a plea to the jurisdiction based on governmental immunity, and the trial court denied Smithville's plea. Smithville then perfected this interlocutory appeal. *See id.* § 51.014(a)(8). For the reasons that follow, we reverse the trial court's order denying Smithville's plea and render judgment dismissing Watts's claims against Smithville for lack of subject matter jurisdiction.

## BACKGROUND

In March 2007, members of the Smithville Volunteer Fire Department (Fire Department) were returning from a call when the driver lost control of the fire truck and collided with Watts's vehicle. Watts was injured in the collision.

Watts did not sue the driver of the truck or the Fire Department to recover damages for the injuries that he sustained. He sued the City of Smithville, alleging that the trial court had jurisdiction under section 101.021(1) of the TCA because Smithville's maintenance employees were negligent by failing to properly inspect, maintain, and repair the truck and that one of the truck's tires, "or some other vehicle malfunction," caused the collision. A back tire on the truck blew out at the time of the collision. He also sought damages based on breach of express and implied warranties of merchantability.

Smithville filed a plea to the jurisdiction.[1] Smithville urged that there was no waiver of its governmental immunity for negligence or breach of warranty as alleged by Watts under the TCA or any other statute. Smithville also presented evidence including an affidavit by Smithville's director of public works, the truck's maintenance and repair records, and a receipt of payment for a state inspection of the truck dated June 1, 2006. Smithville's director of public works averred that the Fire Department is "a separate entity" from the city, and that its members are not employed by or "acting under the supervision, direction or control of the City of Smithville." He also averred that the "truck at issue in this case was kept at the premises of the Smithville Volunteer Fire Department,

---

[1] Smithville also filed a motion for summary judgment and no evidence summary judgment. The trial court denied those motions in a separate order.

and they used the truck in the course of providing fire protection services," and that Smithville provided maintenance and repair services for the truck. He described the procedural steps for the Fire Department's submission of service requests on the truck as follows:

> Before each volunteer fire department shift, a member of the Smithville Volunteer Fire Department conducts a visual inspection of their vehicles. If a problem arises or is detected, a member of the Smithville Volunteer Fire Department submits a specific request for service to the City. . . . There were no pending service requests from the Volunteer Fire Department about the subject truck's condition at the time of the incident in 2007.

He also averred that the truck passed its annual inspection in June 2006 and received "basic maintenance servicing" in December 2006. The repair records showed that tires on the truck had been replaced, but there was no record that the back tire that blew out at the time had been replaced.

Watts filed a response with evidence. Watts argued that the fire fighters were employees of Smithville because they were "in the paid service" of the city and that the truck's driver would be personally liable to him for negligence per se. He also argued that there was a fact issue whether Smithville breached its duty to inspect the truck, to use due care to service the truck so as to permit its safe operation, and to warn the public. His evidence included the police incident report, copies of records showing payments from Smithville to volunteer fire fighters including the driver of the truck, and photos of the truck and the tire that blew out. The police report listed "equipment failure" as a cause of the collision and "defective or slick tires" as a possible contribution to the collision.

After a hearing, the trial court denied Smithville's plea to the jurisdiction. Smithville then brought this interlocutory appeal.

3

## ANALYSIS

Smithville raises seven issues on appeal. In its first five issues, Smithville contends that the trial court erred in denying its plea because Watts failed to affirmatively establish that Smithville's governmental immunity had been waived. Smithville argues that section 101.0215 of the TCA does not provide an independent waiver of immunity and that section 101.021(1)(A) does not apply. *See* Tex. Civ. Prac. & Rem. Code §§ 101.021(1)(A), .0215. In its sixth issue, Smithville contends that section 101.021 does not provide a waiver of immunity as to Watts's causes of actions for breach of express and implied warranties of merchantability. *See id*. §§ 101.021. In its seventh issue, Smithville argues that it is entitled to governmental immunity pursuant to section 101.055(3) of the TCA. *See id*. § 101.055(3).

### Standard of Review

We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id*. We construe the pleadings liberally in favor of the plaintiff. *Id*. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id*. at 226–27. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id*. at 227. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may

4

consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

**Limited Waiver of Governmental Immunity Under TCA**

Governmental immunity protects political subdivisions of the State, including cities, from suit and liability. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *see also* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) (defining "governmental unit"). The TCA, however, "provides a limited waiver of governmental immunity if certain conditions are met." *Sykes*, 136 S.W.3d at 638 (citing Tex. Civ. Prac. & Rem. Code §§ 101.021, .025). Section 101.0215(a) of the TCA states that a municipality is liable "for damages arising from its governmental functions" and provides a nonexclusive list of governmental functions, including "vehicle and motor driven equipment maintenance" and "police and fire protection and control." Tex. Civ. Prac. & Rem. Code § 101.0215(a)(1), (24).

Central to the parties' dispute, section 101.021 of the TCA states:

A governmental unit in the state is liable for:

(1)    property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B)    the employee would be personally liable to the claimant according to Texas law; and

(2)     personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021.  In this context, we turn to our analysis of Smithville's issues.

**Governmental Functions**

As a threshold matter, Smithville does not argue that its challenged actions are outside the categories of governmental functions listed in section 101.0215 of the TCA, but argues in its fifth issue that section 101.0215 does not provide an independent waiver of immunity.  *See id*. § 101.0215.  Watts does not contest this issue, and we agree with the parties.  *See City of Kemah v. Vela*, 149 S.W.3d 199, 204 n.1 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("[Section 101.0215] does not provide an independent basis for a waiver of governmental immunity."). Assuming that the damages arise from a governmental function, "liability must still arise out of one of the specific areas of waiver listed under section 101.021." *Id.* (citing *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)); *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex. App.—Fort Worth 1991, no writ) ("Whereas if the action engaged in by a municipality is considered to be a governmental function, the TCA does apply, and further analysis under the Act is required to determine a municipality's potential liability."). We thus sustain Smithville's fifth issue and turn to Smithville's issues addressing section 101.021.

**Breach of Warranty Claims**

In its sixth issue, Smithville argues that section 101.021 does not waive its immunity for purposes of Watts's causes of action for breach of express and implied warranties of

merchantability. *See Delaney v. University of Houston*, 835 S.W.2d 56, 59 (Tex. 1992) (recognizing that TCA does not apply to warranty claims). Watts also does not contest this issue, stating that he "agrees that under the facts of this case, Smithville is not liable for breach of warranty." Thus, we sustain Smithville's sixth issue.

**Negligence Claims**

In its first, second, and fourth issues, Smithville contends: (i) the trial court erred in denying Smithville's plea to the jurisdiction; (ii) Watts's cause of action for negligence does not constitute an "operation or use of a motor driven vehicle" under section 101.021(1)(A); and (iii) Watts failed to plead or provide any evidence that Smithville "negligently drove" or "failed to properly operate the Fire Tanker" and, therefore, Watts is precluded from alleging that the "'actual driving of the Fire Tanker' constituted the 'use'" or satisfying the nexus requirement under section 101.021(1)(A). Smithville focuses on Watts's petition in which he does not assert that the driver of the truck was negligent but that Smithville's maintenance employees were negligent because they failed to properly maintain, inspect, and service the truck.[2]

Interpreting the phrase "arises from" in section 101.021(1)(A), the Texas Supreme Court has "consistently required a nexus between the operation or use of the motor-driven vehicle or equipment and the plaintiff's injuries." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540,

---

[2] At oral argument, counsel for Watts explained that Watts's negligence allegations were based on the negligence of Smithville's director of public works. Similarly, in his briefing, Watts describes his allegations as follows: "Here, it is alleged and there is evidence to show that the failure to inspect the tires of the fire tanker truck allowed the truck to be operated and used with a defective tire which blew-out and caused Watts's injuries."

7

543 (Tex. 2003) (citation omitted). The "operation or use" of the motor vehicle must be by the allegedly negligent employee. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *see Elgin Indep. Sch. Dist. v. R. N.*, 191 S.W.3d 263, 268 (Tex. App.—Austin 2006, no pet.) ("The use or operation must be by a governmental employee, not a third person."); *see also Saramanee v. Town of Northlake*, No. 02-10-00152-CV, 2011 Tex. App. LEXIS 2003, at *10 (Tex. App.—Fort Worth Mar. 17, 2011, pet. denied) (mem. op.) ("By use of the phrase 'arises from,' the statute 'requires a nexus between the injury negligently caused by a governmental employee and the operation or use' of a vehicle by the employee." (citation omitted)). The court has defined "use" under section 101.021 to mean "to put or bring into action or service; to employ for or apply to a given purpose," *Whitley*, 104 S.W.3d at 542, and "operation" as the "doing or performing of a practical work." *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989).

Here, Smithville presented uncontroverted evidence that the Fire Department is a separate entity from Smithville. *See Miranda*, 133 S.W.3d at 227 (trial court to consider evidence when necessary to resolve jurisdictional issues raised). Although Watts's evidence showed that Smithville made nominal payments to the driver, Watts affirmatively pleaded that the driver was "an employee of the Smithville Fire Department" and that his personal injuries and damages were "caused by the negligent inspection, maintenance, and/or repair of the fire truck by Defendant's employee, and that employee would be liable to plaintiff under Texas law." *See* Tex. Civ. Prac. & Rem. Code § 101.001(2) (defining employee to mean "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an

8

independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control"). Allegations based on the failure to properly inspect, maintain, or repair the truck do not satisfy the nexus requirement within the limited waiver of immunity in section 101.021(1). *See LeLeaux*, 835 S.W.2d at 51; *Elgin Indep. Sch. Dist.*, 191 S.W.3d at 268; *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012) ( "A governmental unit does not 'use' property within the meaning of the TCA when it merely allows someone else to use it."). Thus, we conclude that Watts's pleadings affirmatively negate the trial court's jurisdiction under section 101.021(1). *See Miranda*, 133 S.W.3d at 227.

In his briefing to this Court, Watts also argues that his allegations support waiver of immunity under section 101.021(2). *See* Tex. Civ. Prac. & Rem. Code § 101.021(2). Watts urges that this section "encompasses respondeat superior liability for the misuse of tangible personal property, not just motor-driven vehicles or equipment." *See DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 654 (Tex. 1995) (explaining that when a government unit's liability is based on "respondeat superior for an employee's negligence arising from the misuse of tangible personal property, the liability is derivative or indirect" and noting that "[r]espondeat superior imposes liability on the employer that is responsible for the acts of his employee, acting in the scope of his employment, where the negligence of the employee is shown to have been the proximate cause of injury" (citations omitted)). Again, Watts's pleadings—alleging negligence based on failure to properly maintain, inspect, or repair the truck and expressly stating jurisdiction based on subsection

(1)—do not affirmatively establish the trial court's jurisdiction under subsection (2) of section 101.021. *See Miranda*, 133 S.W.3d at 227.

Further, as stated above in our analysis of section 101.021(1), Watts's pleadings affirmatively negate that his injury was caused by Smithville's "use" of the truck at the time of the collision. *See Rusk State Hosp.*, 392 S.W.3d at 97; *Miranda*, 133 S.W.3d at 227; *see also Texas A & M Univ. v. Bishop,* 156 S.W.3d 580, 583 (Tex. 2005) (holding that "negligent supervision, without more, does not constitute 'use' of personal property that would waive [the governmental unit]'s immunity under section 101.021(2)"); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) (construing "use" in section 101.021(1) and (2) the same and noting that "[a] governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more"); *Vanarsdale v. City of Killeen*, No. 03-03-00541-CV, 2004 Tex. App. LEXIS 6316, at *12 (Tex. App.—Austin July 15, 2004, no pet.) (mem. op.) (holding that immunity not waived under TCA and finding that allegations against city for failure to inspect and maintain personal property were allegations of "'non-use' of the property rather than its use").

Because we conclude that Watts failed to demonstrate the trial court's jurisdiction over his negligence claims under section 101.021 of the TCA, we sustain Smithville's first, second, and fourth issues.[3]

---

[3] Because we have concluded that Watts did not establish that immunity was waived under section 101.021, we do not reach Smithville's third and seventh issues. Tex. R. App. P. 47.1 (requiring court of appeals to hand down "written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). In its third issue, Smithville argues that the evidence shows that there was no defect in the tire, that Watts failed to present any evidence of defect and, therefore, Watts is precluded from satisfying the nexus requirement necessary to obtain waiver under section 101.021(1)(A). *See* Tex. Civ. Prac. & Rem.

**CONCLUSION**

For these reasons, we reverse the trial court's order that denied the City of Smithville's plea to the jurisdiction and render judgment dismissing Watts's claims for lack of subject matter jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Rendered

Filed:   December 13, 2013

---

Code § 101.021(1)(A).  In its seventh issue, Smithville urges that section 101.055(3) applies. *See id.* § 101.055(3) (stating that the TCA "does not apply to a claim arising . . . from the failure to provide or the method of providing police or fire protection").

11