In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00145-CV**

_____

**THE CITY OF BEAUMONT, Appellant**

**V.**

**KHALID MAHMOOD, Appellee**

_____

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-198,371**

_____

**OPINION**

This is an interlocutory appeal from an order issued by a district court denying the City of Beaumont's plea to the jurisdiction. We affirm.

Background

In August 2014, Khalid Mahmood was driving down a street in the City of Beaumont when a large fiberglass manhole fell from one of the City's trucks. Mahmood, who was driving a minivan, hit the manhole.

In 2016, Mahmood sued the City, claiming that he was injured when his minivan struck the manhole after it fell from a truck being driven by a City employee, Christopher Norman. Mahmood alleged that Norman was in the course and scope of his employment with the City when the collision occurred; that the City, through its employees, had negligently secured the manhole to the truck before the collision occurred; and that Norman's negligent operation of the truck was the reason the manhole fell from the truck.

Nearly two years after Mahmood sued, the City challenged the trial court's exercise of jurisdiction over Mahmood's claims by filing a plea to the jurisdiction. In its plea, the City asserted that Mahmood "cannot show a nexus between the injuries he allegedly sustained and the [City's] use of motor-driven equipment." The City also alleged that Mahmood could not show that his injuries had been "caused by the use of tangible personal property or real property by a City employee." In support of its plea, the City relied on Mahmood's answers to the City's requests for discovery, a deposition the City obtained from Mahmood, the deposition of Christopher Norman, and the deposition of Wilma Jones, another of the City's employees who was present when Mahmood's minivan struck the City's manhole.

In his response to the City's plea, Mahmood relied on the Texas Tort Claims Act to argue that the Legislature had waived the City's immunity for injuries that

arose from the operation or use of a motor-driven vehicle being used by an employee while in the course and scope of the City's employment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 2011). Additionally, Mahmood relied on a waiver provision in the Tort Claims Act that waives a municipality's immunity if the plaintiff's injury arose from the municipality's use of tangible personal property. *See id.* § 101.021(2) (West 2011). While Mahmood attached his deposition to his response, he did not ask the trial court to review any evidence that the City had not already asked the court to consider in resolving the City's plea.

In April 2018, and without stating a basis for its ruling, the trial court denied the City's plea. We note our jurisdiction over the City's accelerated appeal. *See id.* § 51.014(a)(8) (West Supp. 2017).

## Waiver of Immunity

The City challenged the trial court's jurisdiction over Mahmood's case by filing a plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea, which governmental entities may use to challenge a court's power to resolve the merits of a plaintiff's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Generally, trial courts do not possess subject-matter jurisdiction over a suit against a governmental entity unless the Legislature has enacted a statute waiving

3

the entity's immunity for the type of claim the plaintiff has asserted in the suit. *See*

*Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 403 (Tex. 1997); *Duhart v. State*, 610

S.W.2d 740, 741 (Tex. 1980). But in cases involving torts, the Legislature waived

the immunity that governmental entities, such as municipalities, otherwise enjoy if

the plaintiff's claim is one that falls within the requirements in the statutory waiver.

*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.029 (West 2011 & Supp. 2017).

Thus, section 101.025 of the Tort Claims Act allows a plaintiff to sue a governmental

entity for damages if the requirements in the Tort Claims Act apply to the plaintiff's

claim. *See id*. § 101.025 (West 2011).

For injuries that arise from a municipality's operation of motor-driven

vehicles, the Tort Claims Act waives a municipality's immunity from suit if the

municipality's employee was driving the vehicle, the employee was acting in the

scope of his employment, the collision arose "from the operation or use of a motor-

driven vehicle[,]" and "the employee would be personally liable to the claimant

according to Texas law[.]" *Id*. § 101.021(1). The Tort Claims Act also provides a

second waiver of a municipality's immunity from suits if the suit arose from the

municipality's use of tangible property, and the municipality was engaged in a

4

governmental function when the plaintiff's injury occurred. *Id.* § 101.021(2).[1]

Additionally, for the use-of-property waiver to apply, it must also be shown that the municipality "would, were it a private person, be liable to the claimant according to Texas law." *Id.*

The evidence the trial court considered in deciding the City's plea contains two basic versions of the events that led to Mahmood's collision with the manhole. In reviewing rulings on pleas to the jurisdiction, and unless the evidence about how a tort occurred is conclusively established by the evidence the trial court considered in ruling on the plea, the evidence is reviewed in the light that favors the party who opposed the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When trial courts consider evidence from an interested party, that party's testimony must be clear, positive, direct, credible, free from contradiction, and uncontroverted before it will be considered conclusive as having established a fact. *McIntyre v. Ramirez*, 109 S.W.3d 741, 749 (Tex. 2003).

---

[1] The Tort Claims Act waives a municipality's immunity for many governmental functions, but it does not waive a municipality's immunity regarding a municipality's proprietary functions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (West Supp. 2017). In Mahmood's case, neither party has ever claimed that the City was engaged in a proprietary function when Mahmood's collision with the manhole occurred.

5

The evidence the trial court considered in ruling on the City's plea included the depositions of (1) Christopher Norman, (2) Wilma Jones, and (3) Mahmood.[2] These depositions contain two versions about the circumstances that led to Mahmood's collision. Both at trial and on appeal, the parties do not dispute several facts, including the following: (1) the City owned the truck from which the manhole fell; (2) while the truck was in the City's yard, the City's employees loaded and strapped the manhole to the truck; (3) before leaving the City's yard, Norman checked to see that the equipment was secured to the bed of his truck; and (4) while moving the manhole across town, Norman and the others in the truck were all acting in the course and scope of their employment with the City. Although no disagreement exists over these facts, the accounts of the three witnesses conflict about what happened just before the collision occurred.

Mahmood's version about what happened differs from the accounts given by Norman and Jones. In his deposition, Mahmood testified that something fell off the truck that he was following as he was driving down the street. According to Mahmood, the object that fell from the truck rolled toward him, and he could not avoid hitting it because he did not have time to stop. Mahmood explained that he hit

---

[2] Mahmood's discovery responses are included in the evidence the City asked the court to consider in deciding its plea. Nevertheless, Mahmood's discovery responses are consistent with his deposition about how the collision occurred.

the brakes, but "[the manhole] just hit me." Mahmood also testified that his minivan and the truck were both in motion when the collision occurred.

In contrast to Mahmood's version of the events, Norman and Jones testified in their depositions that when the manhole fell off the truck, Norman stopped. At that point, all the employees in the truck got out of the truck, and Jones walked about twenty-five feet up the road to flag traffic. While flagging traffic, Jones forced several cars in the truck's lane to change lanes while other City employees, not including Norman, retrieved the manhole and were rolling it toward the truck. While some of the City's employees were in the process of rolling the manhole toward the truck, Mahmood, while traveling in the outside lane, swerved to miss Jones as Jones was flagging traffic. Mahmood then struck the manhole. According to Norman and Jones, the manhole was being rolled toward the truck, not away from it, when the collision occurred.

Mahmood relied on two provisions found in the Tort Claims Act, section 101.021(1) and section 101.021(2), to support his claim that the City was not immune from suit under the circumstances we have described. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1), (2). Generally, these two provisions give an individual the right to sue a governmental entity for accidents caused by governmental employees if (1) the injury arose from the governmental entity's

7

operation or use of a motor-driven vehicle, or (2) the injury arose from the entity's use of tangible personal property, if the entity, treated as a private person, would be liable for having caused the plaintiff's injury. *Id.*

The City argues that the evidence conclusively established that no nexus exists between its truck, the manhole, and the collision. To determine whether the evidence the City asked the trial court to consider on the question of the alleged non-existence of a relationship between the use of the truck and the collision, we observe that the Tort Claims Act contains no statutory definitions for the terms *operation* or *use*. *See id.* § 101.001 (West Supp. 2017) (Definitions). Even so, the Texas Supreme Court has explained that the term *operation*, as it is used in the Tort Claims Act, refers to "'a doing or performing of a practical work[.]'" *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (quoting *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989)). The *LeLeaux* Court explained that the term *use* means "'to put or bring into action or service; to employ for or apply to a given purpose.'" *Id.*

That said, courts must deny pleas to the jurisdiction if fact issues exist that would allow a reasonable jury to find that the entity's *operation* or *use* of its vehicle caused the collision to occur. *See Miranda*, 133 S.W.3d at 228 (stating that to defeat a governmental entity's jurisdictional plea, the plaintiff must "show that there is a

8

disputed material fact regarding the jurisdictional issue"). In applying this standard, the appellate court is tasked with reviewing the trial court's ruling on the plea; in doing so, the court must "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*.

Here, the evidence before the court on the plea reveals that a fact question exists about whether the manhole was still traveling toward Mahmood's minivan when he struck it in his minivan. If the manhole was still rolling toward Mahmood and had not yet stopped, a reasonable factfinder might determine that a nexus exists between the City's allegedly negligent failure to properly secure the manhole to the truck and Mahmood's collision with the manhole. Because the City failed to conclusively prove that the collision occurred in the manner that its employees described, we hold the trial court did not err by denying the City's plea.

Additionally, Mahmood's response to the City's plea alleged that the manner the City *used* its tangible property caused his injuries. Under the Tort Claims Act, governmental entities are not immune from suits for personal injuries if the plaintiff's injury in the suit was "caused by a . . . *use* of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id*. § 101.021(2) (emphasis added). As to the City's manhole, the evidence shows that it was being taken to the location where it was to

9

be installed when it fell off the City's truck. Thus, a reasonable jury might find at trial that the manhole was in *use* even though it had not yet been installed when the collision occurred. Because the City did not conclusively prove that the collision occurred while the manhole was not in *use*, we conclude the trial court properly denied the City's plea. *See Estate of Lindburg*, 766 S.W.2d at 211.

Finally, we note that the waiver provisions at issue in this case also require that a court determine whether the City could be held liable for the plaintiff's injury were it treated as a private person. Tex. Civ. Prac. & Rem. Code Ann. § 101.021. While the City has not argued that a private person could not be liable for negligently failing to secure a load that fell off a truck and caused an alleged injury, it is necessary to address whether the City had a duty to properly secure the manhole to its truck to resolve whether the trial court's ruling should be affirmed. *See id*. In this case, Norman testified that the City trained him to "make sure [equipment loaded onto the truck had been] tied down real good and it's safe to go up and down the road." He explained that properly securing equipment on a truck with either straps or chains is determined based on "how much the equipment weigh[s] that you're hauling."

Under Texas law, a private person who loads equipment on a truck must "use reasonable care in doing so to prevent an unreasonable risk of harm to other

10

motorists who would be affected if the load was inadequately secured." *Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 10 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). While we conclude the City might be held liable if the factfinder determined that the collision occurred in the manner described by Mahmood, we express no opinion about which version of the events a jury might find credible. Instead, in this interlocutory appeal, our task is limited to deciding whether the trial court erred by denying the City's plea. Thus, to resolve the appeal, we need only to determine whether fact issues existed sufficient to avoid dismissal. Because the City failed to conclusively prove how the collision occurred, we hold the trial court did not err by denying the City's plea. For the reasons we have explained, we affirm.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 18, 2018
Opinion Delivered September 27, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.

11

# DISSENTING OPINION

I respectfully dissent. When a plea to the jurisdiction challenges the existence of jurisdictional facts, an appellate court must consider relevant evidence submitted by the parties to determine if a fact issue exists, as the trial court must do. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

Mahmood relies on two sections of the Texas Tort Claims Act (TTCA). Section 101.021 of the TTCA provides that a governmental unit is liable for personal injury proximately caused by an employee acting within the course and scope of his employment if the alleged personal injury arises from the operation or use of a motor-driven vehicle and the employee would be personally liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 2011). In addition, a governmental unit is liable for personal injury caused by a condition or use of tangible personal property if the governmental unit would, if it were a private person, be liable to the claimant under Texas law. *Id*. § 101.021(2) (West 2011).

1

The "arises from" language in subsection one "requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle[.]" *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). The use of the motor vehicle must be shown to have actually caused the victim's injury for the TTCA's waiver to apply. *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001). The term "use" in section 101.021 of the TTCA means "'to put or bring into action or service; to employ for or apply to a given purpose[,]'" and the term "operation" refers to "'a doing or performing of a practical work[.]'" *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *see Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). "[T]he operation or use of a motor vehicle 'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" *Whitley*, 104 S.W.3d at 543 (quoting *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). In addition, "mere involvement of tangible personal property in an injury will not, in and of itself, waive liability." *Tex. Tech. Univ. Health Sci. Ctr. v. Jackson*, 354 S.W.3d 879, 884 (Tex. App.—El Paso 2011, no pet.). The tangible personal property must do more than merely furnish the condition that makes the injury possible. *Id.*

2

"A plaintiff must show that the tangible personal property was the instrumentality of harm." *Id*. Mere involvement of tangible personal property in the events leading to the injury is insufficient to meet the causation requirement. *Id*. at 885. By its express language, the TTCA limits the waiver of sovereign immunity to injuries proximately caused by a condition or use of personal property. *Id*.; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).

In my view, Mahmood did not demonstrate a nexus between the City employees' use or operation of the truck, the manhole, or the strap and his alleged injury. *See Jackson*, 354 S.W.3d at 884–85. Mahmood's pleadings affirmatively showed that the City employees' use or operation of the manhole, the truck, or strap did nothing more than furnish the condition that made his injury possible, or were only involved in the circumstances that caused his injury. *See Whitley*, 104 S.W.3d at 543; *Jackson*, 354 S.W.3d at 884–85. In my opinion, Mahmood failed to demonstrate that his claim falls within the waiver of immunity for injuries caused by the use or operation of a motor vehicle. Regardless of precisely when Norman stopped the truck and regardless of whether the manhole was in motion or at rest when Mahmood struck it, Mahmood did not demonstrate that the manhole was being put into service, employed or applied for a particular purpose, or being used in the doing or performing of a practical work when his alleged injury occurred. Further,

3

he did not show that the strap securing the manhole was the instrumentality of harm. *See Jackson*, 354 S.W.3d at 884; *see also Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 390 (Tex. 2016). For all these reasons, I would sustain the City's issue, reverse the trial court's order denying the City's plea to the jurisdiction, and render judgment dismissing Mahmood's claim for want of jurisdiction.

_____
STEVE McKEITHEN
Chief Justice

Dissent Delivered
September 27, 2018

4