**Opinion issued April 8, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00938-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**MARY  JOHNSON, Appellee**

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-59665**

## MEMORANDUM OPINION

This appeal involves waiver of governmental immunity under the Texas Tort Claims Act ("TTCA").  *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109. Appellee Mary Johnson alleges section 101.021(1) of the TTCA provides a waiver of governmental immunity for her negligence claim against Appellant City of Houston ("the City") because her damages arise from the City's "operation or use of

a motor-driven vehicle." *Id.* § 101.021(1). The City moved to dismiss under Texas Rule of Civil Procedure 91a, arguing Johnson's claims do not fall within this immunity waiver. The trial court denied the City's motion. We affirm.

## I. Background

Per Johnson's allegations, set forth in more detail below, City employees were traveling on Bellfort Street in a "heavy trash truck" and using the truck to collect fallen tree limbs near the street. Johnson also was driving on Bellfort street and, as she passed the City's truck, a limb fell from the truck and struck her car.

Johnson sued the City for negligence, seeking personal-injury and property damages. She also alleged the City's governmental immunity is waived under TTCA section 101.021(1). *See id.* The City answered and filed a motion to dismiss under Rule 91a, arguing Johnson failed to plead facts demonstrating a waiver of immunity under the TTCA. *See* TEX. R. CIV. P. 91a. The trial court denied the City's motion, and the City filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing interlocutory appeal from order granting or denying plea to the jurisdiction by a governmental entity).[1]

---

[1] We have jurisdiction over this interlocutory appeal under section 51.014(a)(8), notwithstanding that the order appealed involves denial of a Rule 91a motion to dismiss, because the motion challenged jurisdiction based on governmental immunity. *See Houston Indep. Sch. Dist. v. Kannady*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.).

## II.    Analysis

In its sole issue, the City contends the trial court erred in concluding Johnson pled sufficient facts to establish a waiver of immunity under section 101.021(1).

### A.    Standard of review

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see also In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. In considering a Rule 91a motion to dismiss, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6

We review a ruling on a Rule 91a motion de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *Kannady*, 702 S.W.3d at 793. We must accept the factual allegations in the pleadings as true and liberally construe the pleadings in favor of the plaintiff. *Kannady*, 702 S.W.3d at 793.

### B.    Governmental immunity

The City argued in its Rule 91a motion that Johnson failed to allege facts supporting a waiver of governmental immunity under the TTCA, meaning the trial

court lacked subject-matter jurisdiction over this case. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (immunity "deprives a trial court of subject-matter jurisdiction"). Governmental immunity derives from the State's sovereign immunity; it protects the State's political subdivisions from suit and liability unless that immunity has been waived by the Legislature. *Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 704 (Tex. 2019).

The TTCA provides a "limited waiver of governmental immunity." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). The specific provision of the TTCA upon which Johnson relies to establish a waiver of the City's immunity is the "motor-driven vehicle" section, which states that a governmental unit in Texas is liable for:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B)     the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

## C.  Analysis

The City contends Johnson did not plead facts showing that any damage she suffered arose from the operation or use of a motor-driven vehicle or from a City employee's negligence.  We disagree.

Johnson alleges she was "operating her vehicle" and traveling on the street at the same time the City's "heavy trash truck" was "being operated" and "traveling down the street picking up limbs."  She asserts that "an employee of the [City] was in the general course and scope of his duties as an employee for the [City]," that all City employees connected to the incident were "acting within the general course and scope of their employment," and that the "occurrence giving rise to this claim was a direct and proximate result of the negligence of the [City] and its drivers, employees, agents, and/or contractors."  Regarding the manner in which the limb struck her car, Johnson alleges:

- "while in the process of picking up limbs and putting them on the truck, the City of Houston dropped a limb off the truck that struck the Plaintiff's vehicle, damaging her vehicle and causing her to be injured";

- while operating the truck, the City "was negligent by dropping a tree limb that hit [Johnson's] vehicle"; and

- the City was negligent in failing "to recognize hazards of loading and securing heavy tree limbs on the truck" and "to properly place and/or secure the heavy tree limbs on the heavy trash truck."

Viewing these allegations and the reasonable inferences drawn from them in the light most favorable to Johnson, she alleges that (1) the City's heavy trash truck was being operated and used by City employees to collect fallen tree limbs as the truck traveled on the street, (2) the employees failed to properly load and secure the limbs during this process, and (3) as Johnson was driving nearby, an unsecured limb fell off the truck and struck her vehicle. These allegations satisfy section 101.021(1)'s requirements that the plaintiff's damages arise from the operation and use of a motor-driven vehicle due to a government employee's negligence that would subject him to personal liability under Texas law.

It was not necessary that the City's trash truck itself strike Johnson's vehicle to satisfy the "damage arises from operation or use" requirement—a point the Supreme Court of Texas recognized in *Rattray v. City of Brownsville*, 662 S.W.3d 860, 872 (Tex. 2023). There, a group of homeowners sued their city for closing a motor-driven storm-water gate during a rainstorm, causing water to accumulate and flood their homes. *Id*. at 863–64. Although it was rainwater that was the immediate cause of the homeowners' damages, the court concluded these allegations satisfied section 101.021(1)'s "operation or use" requirement because the gate had a motor and was "used to control waterflow," "the City closed the gate, and it was that *use* of the gate (the attempt to control waterflow) that immediately preceded and

6

allegedly caused the flooding of the homeowners' neighborhood." *Id.* at 872 (emphasis in original).

The Supreme Court applied the familiar proximate-cause standard in holding that the close temporal and geographic proximity of the use of the motorized gate and the flooding of the homeowners' properties satisfied section 101.021(1)'s "arises from" requirement. *Id.* at 874. "Closing the gate put it to its intended purpose: blocking water. And the act of closing the gate, along with the homeowners' property damage and the rainstorm itself, all occurred together as part of a single episode[.]" *Id.* at 872. The Supreme Court rejected the city's argument that it was the rainstorm that actually caused the damages, explaining this argument "rejects the idea that two events can work together to bring about a consequence." *Id.* at 875.

> The homeowners can still establish causation if the rainstorm was necessary but not sufficient for the flooding of [the neighborhood]. Put another way, if the same storm could have happened without [the neighborhood] flooding, and it was the use of the gate that made the difference, the homeowners would satisfy a minimal requirement of causation.

*Id.*

Similarly, in this case, while it was a falling tree limb that struck Johnson's vehicle, it was the City's operation and use of its trash truck for its intended purpose (retrieving tree limbs), coupled with the City's failure to properly load and secure the limb onto the truck, which led to the limb falling out of the truck and causing

7

Johnson's damages. These events are alleged to have occurred in close temporal and geographic proximity such that it was the operation and use of the truck to collect limbs that resulted in a limb falling on Johnson's vehicle as she drove on the street.

Other courts have concluded objects falling from vehicles during operation and use due to government employees' failure to properly secure the objects satisfied section 101.021(1)'s requirements. *See Cnty. of Hidalgo v. Perez*, No. 13-22-00312-CV, 2023 WL 2807216, at *3–5 (Tex. App.—Corpus Christi-Edinburg Apr. 6, 2023, no pet.) (mem. op.) (relying on *Rattray* in concluding section 101.021(1) was satisfied by plaintiff's allegations that unsecured debris "flew from" government trash truck's trailer, causing an accident; employee's securing debris for transport was "an integral part of safely operating the vehicle," especially when the "very purpose" of the vehicle was to haul debris); *City of Beaumont v. Mahmood*, 558 S.W.3d 712, 716 (Tex. App.—Beaumont 2018, no pet.) (rejecting city's argument section 101.021(1) was negated as matter of law in case involving manhole falling off city truck; "If the manhole was still rolling toward Mahmood and had not yet stopped, a reasonable factfinder might determine that a nexus exists between the City's allegedly negligent failure to properly secure the manhole to the truck and Mahmood's collision with the manhole").[2]

---

[2]    Our holding is limited to the allegations in this case, and we express no opinion on whether section 101.021(1) would be satisfied if a plaintiff alleged an item fell off a governmental vehicle and, sometime later, the plaintiff ran over the item.

Based on Johnson's original petition, the City contends Johnson's damages do not arise from the operation or use of the City's truck because the "City's truck was parked on the side of the road with a load that was not properly secured." The City also relies on a police report stating that the truck "was parked."

First, Johnson's live pleading is her first amended petition, which contains the allegations asserted above and supersedes her original petition.[3] *See* TEX. R. CIV. P. 65; *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 195 (Tex. App.— Houston [1st Dist.] 2021, no pet.) ("When an amended pleading is filed, the amended pleading supersedes and supplants the prior pleading, which may no longer be considered.").

Second, in reviewing a Rule 91a motion, we "may not consider evidence" like the police report on which the City relies. TEX. R. CIV. P. 91a.6; *Kannady*, 702 S.W.3d at 793. And even assuming we could consider the police report (which Johnson attached to her response to the Rule 91a motion without any objection), it does not defeat Johnson's compliance with section 101.021(1). The first page of the report lists both vehicles and leaves unchecked a box titled "Parked Vehicle." The second page contains an "Investigator's Narrative," which states the City's truck

---

[3] We note that the City did not withdraw or amend its Rule 91a motion in response to Johnson's amended petition. TEX. R. CIV. P. 91a.5(b) ("If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.").

9

"was parked." The third page sets forth what Johnson told the investigator, which is that she was driving east bound on Bellfort Street when she saw the City's truck "picking up tree limbs," and a tree limb struck her vehicle as she passed the truck. Together, the facts asserted are that (1) the City's employees were driving down Bellfort Street in the truck, putting the truck in park to load limbs, and then once the limbs were loaded, continuing in the truck to the next limbs, and (2) while the City's truck was in park and being loaded with limbs, the City's employees failed to load and secure a limb properly, which fell and struck Johnson's vehicle as she passed the truck. Section 101.021 is still satisfied by this scenario because it was the City's operation and use of its trash truck for its intended purpose (retrieving tree limbs), coupled with the City's alleged failure to load and secure a limb properly onto the truck, that caused the limb to fall out of the truck and strike Johnson's vehicle. Section 101.021's immunity waiver is not automatically defeated merely because the trash truck may have been in park at the time of the accident. *See PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 303–06 (Tex. 2019) (concluding allegations government van was placed in park without engaging emergency brake, which contributed to van rolling into plaintiff's helicopter, satisfied section 101.021(1)); *Dallas Area Rapid Transit v. Willis*, 163 S.W.3d 814, 817 (Tex. App.—Dallas 2005, pet. denied) (concluding allegations government bus was parked too

10

far from curb, which contributed to passenger's injuries when she fell while exiting bus, satisfied section 101.021(1)).[4]

Finally, the City contends that, per *Rattray*, Johnson was required, but failed, to plead facts negating the TTCA's exceptions to the waiver of immunity provided by 101.021(1). *See* TEX. CIV. PRAC. & REM. CODE §§ 101.051–.067 (providing exceptions to immunity waiver).

In *Rattray*, the Supreme Court explained that a plaintiff suing a governmental unit must allege facts that bring a claim within a waiver of immunity, including alleging facts to negate the TTCA's exceptions that the "allegations plausibly implicate, which will depend on the nature of the dispute." 662 S.W.3d at 867–68. The Supreme Court expressed that "[i]t will be readily apparent in most cases" which exceptions are plausibly implicated, and when exceptions are not plausibly implicated, the plaintiff need not negate them. *Id.* at 868. The Supreme Court also placed a burden on the defendant to advise when the plaintiff's allegations fail to

---

[4] Unlike here, there are situations when a vehicle's being parked at the time of the accident is a factor demonstrating that the plaintiff's injuries did not arise from the operation or use of the vehicle. *See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 52 (Tex. 1992) (concluding section 101.021(1) not satisfied when plaintiff allegedly bumped her head while closing rear door of school bus that was "parked, empty, with the motor off"; the bus was "only the setting for the injury"); *City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (concluding section 101.021(1) not satisfied when plaintiff allegedly was injured while sitting in a parked police cruiser that was struck by another vehicle whose driver ignored flashing lights warning him of the patrol car's presence).

11

address relevant exceptions: "if the plaintiff omits or otherwise fails to negate a relevant exception to the waiver, the defendant should speak up." *Id.*

Here, the City has not suggested what TTCA exceptions Johnson's allegations plausibly implicate. Instead, the City generically cites to the entire TTCA subchapter governing exceptions. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.051–.067. Johnson's allegations involving damages arising from the City's operation and use of a trash truck do not plausibly implicate any of these exceptions, meaning she was not required to allege facts negating them.

We overrule the City's sole issue.

### III. Conclusion

We affirm the trial court's order denying the City's Rule 91a motion to dismiss.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.